**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| NOBEL BIOCARE USA, LLC, and NOBEL BIOCARE PROCERA LLC <br><br> Plaintiffs <br><br> v. <br><br> TECHNIQUE D'USINAGE SINLAB, INC. <br><br> Defendant | <br><br><br><br> Civil Action No. 1:12-cv-730-LMB-TCB <br><br><br><br> **DEMAND FOR JURY TRIAL** |

## Nobel's Answer To Sinlab's Amended Counterclaim

Plaintiffs-Counterdefendants, NOBEL BIOCARE USA, LLC And NOBEL BIOCARE PROCERA LLC (collectively, "Nobel") hereby answer the amended counterclaim of Defendant-Counterclaimant TECHNIQUE D'USINAGE SINLAB, INC. ("Sinlab") set forth at Docket No. 27. Except as expressly indicated otherwise, Nobel denies all allegations of the counterclaim. Unless otherwise noted, references to paragraph numbers are references to the numbered paragraphs of Sinlab's amended counterclaim beginning on page 7 of Docket No. 27.

**THE PARTIES**

1.  Nobel admits the allegations in paragraph 1.

2.  Nobel admits the allegations in paragraph 2.

3.  Nobel admits that NOBEL BIOCARE PROCERA LLC is a Delaware limited liability company. Due to a misspelling in Sinlab's pleadings, Nobel denies the remaining allegations in paragraph 3.

**JURSDICTION AND VENUE**

4.  Nobel admits that 28 U.S.C. §§ 1331 and 1338(a) provide statutory authorization for the Court to exercise subject-matter jurisdiction over Sinlab's counterclaim for patent

infringement. However, Nobel makes no admission regarding Sinlab's standing and denies any remaining allegations in paragraph 4.

5. Nobel admits that the Court may exercise personal jurisdiction over Nobel with respect to Sinlab's counterclaim. Nobel denies any remaining allegations in paragraph 5.

6. Nobel admits that, as to Sinlab's counterclaim, venue is proper in this judicial district. Nobel denies any remaining allegations in paragraph 6.

## BACKGROUND

7. Nobel denies the allegations in paragraph 7.

8. Nobel lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8, and on that basis denies those allegations.

9. Nobel lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9, and on that basis denies those allegations.

10. Nobel admits that U.S. Patent No. 6,382,975 ("the '975 patent") bears an issue date of May 7, 2002; U.S. Patent No. 6,814,575 ("the '575 patent") bears an issue date of November 9, 2004; U.S. Patent No. 7,331,786 ("the '786 patent") bears an issue date of February 19, 2008; U.S. Patent No. 7,866,980 ("the '980 patent") bears an issue date of January 11, 2011; and U.S. Patent No. 8,021,153 ("the '153 patent") bears an issue date of September 20, 2011. Nobel denies the remaining allegations in paragraph 10.

11. Nobel denies the allegations in paragraph 11.

12. Nobel denies the allegations in paragraph 12.

13. Due to ambiguity in the allegations, Nobel lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13, and on that basis denies those allegations.

14. Nobel admits that Exhibits 1, 2, 3, 4, and 5 to Sinlab's counterclaims appear to be copies of the '153, '980, '786, '575 and '975 patents, respectively, but otherwise denies the allegations in paragraph 14.

15. Nobel denies the allegations in paragraph 15.

## COUNT I

16. In response to paragraph 16, Nobel incorporates by reference its responses to the allegations in paragraphs 1 through 15.

17. Nobel denies the allegations in paragraph 17.

18. Nobel denies the allegations in paragraph 18.

19. Nobel denies the allegations in paragraph 19.

20. Nobel denies the allegations in paragraph 20.

21. Nobel denies the allegations in paragraph 21.

## COUNT II

22. In response to paragraph 22, Nobel incorporates by reference its responses to the allegations in paragraphs 1 through 21.

23. Nobel denies the allegations in paragraph 23.

24. Nobel denies the allegations in paragraph 24.

25. Nobel denies the allegations in paragraph 25.

26. Nobel denies the allegations in paragraph 26.

27. Nobel denies the allegations in paragraph 27.

## COUNT III

28. In response to paragraph 28, Nobel incorporates by reference its responses to the allegations in paragraphs 1 through 27.

29. Nobel denies the allegations in paragraph 29.

30. Nobel denies the allegations in paragraph 30.

31. Nobel denies the allegations in paragraph 31.

32. Nobel denies the allegations in paragraph 32.

33. Nobel denies the allegations in paragraph 33.

## COUNT IV

34. In response to paragraph 34, Nobel incorporates by reference its responses to the allegations in paragraphs 1 through 33.

35. Nobel denies the allegations in paragraph 35.

36. Nobel denies the allegations in paragraph 36.

37. Nobel denies the allegations in paragraph 37.

38. Nobel denies the allegations in paragraph 38.

39. Nobel denies the allegations in paragraph 39.

## COUNT V

40. In response to paragraph 40, Nobel incorporates by reference its responses to the allegations in paragraphs 1 through 39.

41. Nobel denies the allegations in paragraph 41.

42. Nobel denies the allegations in paragraph 42.

43. Nobel denies the allegations in paragraph 43.

44. Nobel denies the allegations in paragraph 44.

45. Nobel denies the allegations in paragraph 45.

## PRAYER FOR RELIEF

Nobel denies any allegations in Sinlab's prayer for relief.

## DEFENSES

Without assuming any burden that it would not otherwise bear, Nobel asserts the following defenses.

### FIRST DEFENSE: NONINFRINGEMENT

1. Nobel has not infringed any valid asserted claim of the '153, '980, '786, '575 and '975 patents.

**SECOND DEFENSE: INVALIDITY**

2.      The asserted claims of the '153, '980, '786, '575 and '975 patents are invalid under one or more statutes or regulations, including at least 35 U.S.C. §§ 101, 102, 103 and 112.

**THIRD DEFENSE: LACHES**

3.      The relief Sinlab seeks is barred, in whole or in part, by laches, in view of Sinlab's knowledge of Nobel's activities for the past several years and its failure to contact Nobel until June 14, 2012 about the activities that it now alleges to constitute infringement of the '153, '980, '785, '575, and '975 patents.  Sinlab's unreasonable delay has resulted in material prejudice to Nobel.

**FOURTH DEFENSE: ESTOPPEL**

4.      The relief Sinlab seeks is barred, in whole or in part, by estoppel, in view of its knowledge of Nobel's activities for the past several years and its failure to contact Nobel until June 14, 2012 about the activities that it now alleges to constitute infringement of the '153, '980, '786, '575, and '975 patents.

**FIFTH DEFENSE: WAIVER**

5.      The relief Sinlab seeks is barred, in whole or in part, by waiver.

**SIXTH DEFENSE: FAILURE TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED**

6.      To the extent Sinlab seeks relief on a claim that it has failed to plead, including any claim it has failed to adequately plead, Sinlab is not entitled to that relief.

**DEMAND FOR JURY TRIAL**

Nobel demands a jury trial on all issues so triable.

                              Respectfully submitted,

October 19, 2012                /s/ Michael E. Crawford
                                       Michael E. Crawford (VBN 39566)
                                       mec@nixonvan.com
                                       Jeffry H. Nelson (VBN 22450)
                                       jhn@nixonvan.com
                                       NIXON & VANDERHYE P.C.
                                       901 N. Glebe Rd.
                                       Arlington, VA 22203
                                       Phone: 703-816-4000
                                       Fax: 703-816-4100

                                       John B. Sganga, Jr. (*pro hac vice*)
                                       2jbs@knobbe.com
                                       Sheila N. Swaroop (*pro hac vice*)
                                       2sns@knobbe.com
                                       KNOBBE, MARTENS, OLSON & BEAR, LLP
                                       2040 Main Street, 14th Floor
                                       Irvine, CA 92614
                                       Phone: 949-760-0404
                                       Fax: 949-760-9502

                                       *Counsel for plaintiffs NOBEL BIOCARE USA, LLC and*
                                       *NOBEL BIOCARE PROCERA LLC*


**Certificate of Service**

     I certify that on October 19, 2012 I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

                                       /s/ Michael E. Crawford
                                       Michael E. Crawford (VSB 39566)
                                       mec@nixonvan.com
                                       NIXON & VANDERHYE P.C.
                                       901 North Glebe Road
                                       Arlington, VA  22203
                                       Main:  703-816-4000
                                       Fax:    703-816-4100

                                       *Counsel for Plaintiffs NOBEL BIOCARE USA, LLC*
                                       *and NOBEL BIOCARE PROCERA LLC*